IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-10-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NOEL KENYON REDD, | ) | |
| | ) | |
| Defendant. | ) | |

On May 17, 2010, pursuant to a written plea agreement, Noel Kenyon Redd ("Redd") pleaded guilty to conspiracy to possess with the intent to distribute five grams or more of cocaine base (crack). See [D.E. 25, 26]. On February 2, 2011, the court held Redd's sentencing hearing. See [D.E. 41, 42]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Redd's offense level to be 36, his criminal history category to be VI, and his advisory guideline range to be 325 to 405 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Redd to 240 months' imprisonment. See id. Redd did not appeal.

On February 10, 2016, Redd moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 49]. Redd's new advisory guideline range is 262 to 327 months' imprisonment, based on a total offense level of 34 and a criminal history category of VI. See Resentencing Report. Redd requests a 194-month sentence. See id.; [D.E. 49]. On February 25, 2016, the government responded. See [D.E. 51].

The court has discretion under Amendment 782 to reduce Redd's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v.

Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Redd's sentence, the court finds that Redd engaged in serious criminal behavior. See PSR ¶¶ 10–12. Moreover, Redd is a recidivist and has convictions for possession with the intent to sell and deliver cocaine (two counts), possession of stolen goods (four counts), and selling cocaine (nine counts). See PSR ¶¶ 14–31. Redd has also performed poorly on supervision and has very little work history. See id. ¶¶ 16, 33, 46–49. Nonetheless, Redd has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Redd received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Redd's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Redd's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Redd's motion for reduction of sentence [D.E. 49].

SO ORDERED. This 17 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge

2