IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-10-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NOEL KENYON REDD, ) | |
| ) | |
| Defendant. ) | |

On May 18, 2020, Noel Kenyon Redd ("Redd") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 88]. On June 8 and 12, 2020, Redd supplemented the motion [D.E. 91, 92]. On September 14, 2020, Redd through counsel filed a motion and memorandum of law [D.E. 93]. As explained below, the court denies Redd's motions.

On May 17, 2020, pursuant to a written plea agreement, Redd pleaded guilty to conspiracy to possess with the intent to distribute five grams or more of cocaine base (crack). See [D.E. 25, 26]. On February 2, 2011, the court held Redd's sentencing hearing. See [D.E. 41, 42]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 62]. The court calculated Redd's offense level to be 36, his criminal history category to be VI, and his advisory guideline range to be 325 to 405 months' imprisonment. See [D.E. 57] 1. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Redd to 240 months' imprisonment. See id. Redd did not appeal.

On February 10, 2016, Redd moved for a reduction of his sentence under 18 U.S.C. § 3582(c)

and filed a memorandum of law in support. See [D.E. 49]. On February 25, 2016, the United States responded. See [D.E. 51]. On July 17, 2018, the court denied Redd's motion. See [D.E. 57]. Redd appealed. See [D.E. 58]. On December 4, 2018, the United States Court of Appeals for the Fourth Circuit affirmed the court's judgment. See United States v. Redd, 744 F. App'x 189, 189 (4th Cir. 2018) (per curiam) (unpublished).

On July 22, 2019, Redd moved for a reduction of his sentence under section 404 of the First Step Act and filed a memorandum of law in support. See [D.E. 68, 69]. On August 5, 2019, the United States responded in opposition. See [D.E. 72]. On September 9, 2019, Redd replied. See [D.E. 77]. On April 2, 2020, Redd filed a supplemental motion. See [D.E. 81]. On April 3, 2020, the court granted Redd's motion and reduced his sentence from 240 months' imprisonment to 194 months' imprisonment. See [D.E. 86].

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is

2

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment,

3

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment,

3

not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially restates section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment,

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

or

> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Redd is 46 years old and seeks compassionate release pursuant to section 3582(c)(1)(A)(i). In support, Redd relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 94] 3–8.[2] Specifically, Redd cites the COVID-19 pandemic, his diabetes, hypertension, orthopedic osteoarthrosis, anxiety, chronic pain, difficulty moving, and persistent depressive disorder, and argues that these conditions present a risk of severe illness from COVID-19. See id.; see also [D.E. 88] 2–3; [D.E. 91] 1–2; [D.E. 93] 3.

The court assumes without deciding that Redd has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). The government has not invoked section 3582's exhaustion

---

[2] Redd also relies on the "age of the defendant" policy statement in application note 1(B) to U.S.S.G. § 1B1.13. See [D.E. 94] 3–4. However, application note 1(B) only applies when a defendant "is at least 65 years old." U.S.S.G. § 1B1.13 cmt. n.1(B). Redd is 46 years old. See [D.E. 94] 3. As such, the court denies Redd's motion under application note 1(B).

5

requirements. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[3] Accordingly, the court addresses Redd's claims on the merits.

As for the "other reasons" policy statement, the court assumes without deciding that Redd's medical conditions together with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Redd's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. Redd engaged in serious criminal conduct as a drug trafficker in Pender County, North Carolina from at least late 2000 to October 9, 2009, and was personally responsible for conspiring to distribute 6.5 kilograms of cocaine base (crack), 13.7 grams of cocaine, and 10 grams of marijuana. See PSR ¶¶ 10–12. Redd also directed the criminal activities of at least two individuals as part of the drug trafficking operation. See id. Moreover, Redd is a recidivist with convictions for possession with intent to sell and deliver cocaine (two counts), possession of stolen goods (four counts), and selling cocaine (nine counts). See id. ¶¶ 16–30. Redd also has not performed well on supervision, and he repeatedly returned to drug dealing. See id. ¶¶ 16, 18–29. In opposition, Redd notes that he has taken positive steps during his incarceration and has presented a release plan. See, e.g., [D.E. 94] 5; Pepper v. United States, 562 U.S. 476, 490–93 (2011).

---

[3] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

The court has considered the entire record, Redd's health, the steps that the BOP has taken to address COVID-19 and treat Redd, the section 3553(a) factors, and Redd's arguments. In light of the need to punish Redd for his criminal behavior, to incapacitate Redd, to promote respect for the law, to deter others, and to protect society, the court declines to grant Redd's motions for compassionate release.

Redd also has moved for home confinement under Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 286, 516 (2020). See [D.E. 91]. However, the CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court denies Redd's motion under section 12003(b)(2) of the CARES Act [D.E. 91].

In sum, the court DENIES Redd's motions for compassionate release [D.E. 88, 91, 92, 93, 94].

SO ORDERED. This 28 day of October 2020.

JAMES C. DEVER III
United States District Judge

7